*The Utica Insurance Company* v. *James Lynch et al.* W.

Effect of giving leave to except thereto.

Liberty to except to answers for insufficiency refused if oath waived.

C. Noyes, for complainant; M. T. Reynolds, for receiver.

The chancellor decided, in this case that the court in charging a trustee with interest where he has merged the trust fund with his own, or has neglected his duty in relation to the fund, does not always proceed upon the ground that the trustee had made a profit by his breach of trust. But that he is not permitted to make a profit out of the trust fund for his own benefit; and if he has employed the fund in trade, whereby he has made more than simple interest, he may be charged with the whole of such profits either by making periodical rests and charging him with compound interest, or in such other manner as may best carry out the principle of giving the cestui que trust the benefit of all profits made beyond the simple interest.

*Trustees when chargeable with interest.*

That in cases of that kind the principle of the court is to allow simple interest only where it is evident that the profits made by the trustee could not have exceeded that amount. But if it is doubtful whether the profits were not greater, to allow the cestui que trust to elect between such interest and an inquiry as to the actual profits made out of the trust fund. And that stating the account with periodical rests, and compounding the interest, is only a convenient mode adopted by the court to charge the trustee with the amount of profits supposed to have been made by him in the use of the money, where the actual amount of profits beyond simple interest which he has made cannot be ascertained. Yet that it does not follow from this, that the trustee who has mixed the trust funds with his own, and has violated the trust by using the fund himself, or by loaning it to others without interest, is to be excused from the payment of simple interest, although he may not have actually made a profit upon the trust fund equal to the simple interest. But that where the trustee mingles the trust funds with his own and uses the same or any part thereof in violation of the trust, he is to be charged with interest on the fund.

Decided also that the master was right in this case in charging the receiver with interest on the funds in his hands, and which were mingled with his own moneys in bank and loan-

ed out from time to time to others, or drawn out for his own temporary purposes.

Exceptions to the master's report overruled with costs to be taxed, and master's report confirmed. Receiver ordered to pay over to the master the balance due from him as ascertained by the report of the master, with the interest thereon from the date of the master's report.